# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WESLEY MILLER,**

    **Petitioner,**

v.

**ED VOORIES, Warden,**

    **Respondent.**

CASE NO. 2:09-cv-00230
JUDGE FROST
MAGISTRATE JUDGE ABEL

## ORDER

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the Ohio Public Defender's motion to withdraw and appoint substitute counsel due to an alleged conflict in litigating the issue of cause for any procedurally defaulted claims, Doc. Nos. 13, 14, supplement to that request, Doc. No. 16, and his request for a stay of proceedings pending a ruling on his motions. Doc. No. 15. The request of the Ohio Public Defender to withdraw, Doc. No. 13, hereby is **GRANTED**. Petitioner's request for the appointment of substitute counsel, Doc. No. 14, is **DENIED.** Petitioner's request for a stay, Doc. No. 15, also is **DENIED,** as moot.

Petitioner may file a traverse within twenty (20) days.

In this habeas corpus petition, petitioner challenges his convictions in the Washington County Court of Common Pleas in two separate criminal cases, for which he was sentenced to an aggregate term of 16 years imprisonment. He asserts that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The severance remedy set forth in *State v. Foster*, 109 Ohio St.3d 1 (2006), violated petitioner's right to due process of law and the protection against Ex Post Facto law as guaranteed by the due Process and Ex Post Facto Clauses of the United States Constitution.
>
> 2. Petitioner was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when trial and appellate counsel failed to raise meritorious challenges to petitioner's sentence.
>
> 3. Petitioner's right to be free from unreasonable search and seizure, as guaranteed by the Fourth, Fifth and Fourteenth Amendment to the United States Constitution, was violated when the trial court allowed the admission of evidence obtained in an illegal search of petitioner's car.
>
> 4. Petitioner's right to due process was violated when the trial court permitted the State to introduce evidence relating to other burglaries that petitioner allegedly committed, violating petitioner's right to due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

It is the position of the respondent that claims one, two and four are waived because petitioner failed to object at sentencing, failed to present claim four as a federal constitutional issue on direct appeal, and failed to raise a claim of ineffective assistance of appellate counsel in an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *See Return of Writ*, Doc. No. 6. Petitioner first raised a claim of ineffective assistance of counsel in his appeal to the Ohio Supreme Court in Case Number 06-CR-107, which involved his convictions pursuant to his guilty plea. *See Exhibit 12 to Return of Writ.* He did not raise any claim of ineffective assistance of counsel in the appeal involving his

convictions in Case Number 06-CR-190, which involved his convictions after a jury trial. *See Exhibit 29 to Return of Writ.*

The Ohio Public Defender represented petitioner throughout his appeals in the Ohio Fourth District Court of Appeals, as well as the Ohio Supreme Court, and in the filing of the instant habeas corpus petition.[1] The Ohio Public Defender argues that he properly preserved for federal habeas corpus review his claim(s) of ineffective assistance of counsel by presenting these claim(s) in an appeal to the Ohio Supreme Court. He seeks to withdraw as counsel of record in these proceedings so that he will not be required to litigate the issue of his own ineffectiveness, contending that the issues raised herein are "sufficiently complicated that counsel is required to properly present them to this Court." *Petitioner's Motion to appoint Substitute Counsel*, Doc. No. 14.

However,

> [i]t is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Barker v. Ohio*, 330 F.2d 594 (6th Cir.1964). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *Mira v. Marshall*, 806 F.2d 636 (6th Cir.1986). Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual

---

[1] The Ohio Public Defender did not represent petitioner at trial or sentencing. *See Petitioner's Motion to Appoint Substitute Counsel*, Doc. No. 14.

> complexity of the case, and (3) petitioner's ability to investigate
> and present his claims, along with any other relevant factors.
> *Hoggard v. Purkett*, 29 F.3d 469 (8th Cir.1994).

*Gammalo v. Eberlin,* 2006 WL 1805898 (N.D. Ohio June 29, 2006). Further, the Ohio Public Defender did not represent petitioner at trial or sentencing, and did not raise in the state courts any issue of ineffective assistance due to his attorney's failure to present claim four as a federal constitutional issue. He arguably has already litigated his own ineffectiveness as it pertains to sentencing issues by raising such claim in these proceedings, and in the Ohio Supreme Court.

In any event, this Court is not persuaded that the interests of justice and due process require the appointment of substitute counsel in this case. It does not appear that an evidentiary hearing will be required to resolve petitioner's claims, and through counsel, petitioner has already effectively argued his position. Finally, it does not appear that the resolution of any of petitioner's claims will be unduly complex.

Therefore, the request of the Ohio Public Defender to withdraw, Doc. No. 13, hereby is **GRANTED**. Petitioner's request for the appointment of substitute counsel, Doc. No. 14, is **DENIED.** Petitioner's request for a stay, Doc. No. 15, also is **DENIED,** as moot.

Petitioner may file a traverse within twenty (20) days.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in

4

question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge